E. R. MARCY v. THE EASTERN MANUFACTURING COMPANY.
**No. 13,023.** (71 Pac. 1128.)

Error from Lyon district court; DENNIS MADDEN, judge. Opinion filed March 7, 1903.    Affirmed.

*Buck & Spencer*, for plaintiff in error.
*J. Harvey Frith*, for defendant in error.

*Per Curiam:* Plaintiff in error was sued on the last of four notes given in payment of an assortment of jewelry. He pleaded in defense a want of consideration, in this, that the terms of the printed warranty contained in the contract of sale had not been fulfilled, and that the goods purchased were not in accordance with such warranty. A demurrer to the defendant's evidence, the burden resting upon him, was sustained by the court. This is the principal assignment of error.

The terms of the warranty provided, "Any article of jewelry purchased from us not giving reasonable satisfaction must be returned for exchange or repair," and that such right to return must be exercised within seven years from the date of such purchase. The testimony showed that several articles of jewelry had proved unsatisfactory to their purchasers, but that but one of them had ever been returned for exchange under the provisions of the agreement. An exchange for this was promptly made. It may be doubted whether the exchanged article was any better than the first one, but the exchange was made in accordance with the agreement, and it does not appear but that the seller of the jewelry was ready and willing fully to comply in all respects with the terms of the agreement. It appears to us that this agreement was a very foolish one for the plaintiff in error to make, and probably was intended by the seller of the jewelry as a deception and a snare, and it is probable that the glowing representations of the agent of the seller made before the contract was signed tended to make the plaintiff in error give a less cool consideration of the terms of the contract which was finally executed, but we see no way to assist the plaintiff in error to retrieve himself from his inconsiderate contract. His measure of relief is pointed out therein. The time for his caution was before the making of it, rather than subsequently.

Some objections are made to the rulings of the court in the exclusion of evidence. We have examined all of these exceptions, and find no merit in them.

The judgment of the court below will be affirmed.